1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>        Plaintiff,<br><br>   v.<br><br>SYED ISLAM, *et al*.,<br><br>        Defendants. | Case No. 1:18-cv-00018-JDP<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE APPLICABLE STATUTE OF LIMITATIONS<br><br>(Doc. No. 1)<br><br>THIRTY-DAY DEADLINE |

James Carl Kelly ("plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed January 3, 2018, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff appears to have filed his complaint after the expiration of the applicable statute of limitations, and the complaint does not state a cognizable federal claim. The court will direct plaintiff to show cause why this case should not be dismissed as untimely and will grant plaintiff leave to file an amended complaint within 30 days of this order.

## I. SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). During screening, the court must identify cognizable claims and dismiss any portion of a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). We construe pro se pleadings liberally, particularly where civil rights claims are involved. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need only provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). However, where the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a plausible claim for relief and dismissal is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)). While the court must accept the factual allegations contained in a complaint as true, the court will not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citing *Twombly*, 550 U.S. at 555).

## II. THE COMPLAINT

Plaintiff brings four claims, each consisting of a claim against one of four doctors involved in treating him on October 30 and 31, 2012. (Doc. No. 1.) Plaintiff's claims relate to the process through which the doctors evaluated his health, diagnosed certain ailments, and prescribed treatment. (*Id.* at 3.) Plaintiff alleges that during the examination process, Dr. Syed Islam failed to respect his confidentiality when asking questions about his history as a victim of sexual assault and abuse. (*Id.*) Plaintiff further alleges—as best the court can determine—that

2

the doctors improperly diagnosed him with anemia and with nodules in his left lung and that they improperly prescribed a specific dose of the blood thinner Coumadin. (*Id.* at 3-6.) Plaintiff claims the doctors' actions caused him psychological distress, contributed to a suicide attempt, and led to a mental breakdown. (*Id.*) He seeks money damages and asks the court to assist him in determining whether the doctors are being truthful with him. (*Id.* at 7.)

**III. ANALYSIS**

Plaintiff's claim faces two fundamental obstacles. First, plaintiff may have filed his complaint too late. Second, even if the complaint is not barred by the statute of limitations, plaintiff has not alleged a cognizable federal claim.

*a. Statute of limitations*

Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Section 1983 does not have its own statute of limitations, so the court applies California's statute of limitations for personal injury actions. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) ("Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."). California's statute of limitations for personal injury actions requires that a claim be asserted within two years of its accrual. *Butler*, 766 F.3d at 1198 (citing Cal. Code Civ. Proc. § 335.1). Prisoners receive an additional two years to file personal injury claims, generally resulting in a total of four years period from accrual for prisoners to file a claim under § 1983. *See* Cal. Civ. Proc. Code § 352.1(a) ("If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.").

The court may further extend the statute of limitations "as necessary to ensure fundamental practicality and fairness" by the application of California's doctrine of equitable tolling, "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." *Jones*, 393 F.3d at 928. The Court of Appeals for the Ninth Circuit has applied equitable tolling in § 1983 cases where there is "timely notice, [lack] of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Donoghue v. Orange Cty.*, 848 F.2d 926, 931 (9th Cir. 1987) (citing *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir.1983)). The equitable tolling doctrine has been relied on to toll the statute of limitations while a plaintiff exhausts administrative remedies. *Id.* at 930-31. At this point, the court is not aware of any reason why equitable tolling would apply in this case.

In all four of his claims, plaintiff alleges that the relevant incidents occurred in October 2012—more than five years before January 3, 2018, when filed his complaint. (Doc. No. 1 at 3-6.) Plaintiff's claims thus appear untimely. Accordingly, the court will order plaintiff to show cause why this action should not be dismissed for failure to comply with the applicable statute of limitations.

### b. *Failure to state a cognizable federal claim*

To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's complaint fails to satisfy either requirement. Plaintiff alleges that the doctors erred in evaluating, diagnosing, and treating him—but allegations of medical negligence do not suffice under § 1983.[1] *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Put another way, a difference of opinion concerning the judgment of treating medical

---

[1] To the extent that plaintiff is intending to bring state law medical malpractice claims, the court lacks supplemental jurisdiction in the absence of a federal claim. *See Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (finding that the plain language of 28 U.S.C. § 1367(a) provides that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it).

4

professionals falls outside of § 1983. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Similarly, plaintiff's allegations, even when construed liberally in his favor, do not amount to a claim under the Eighth Amendment.

A potential federal claim for plaintiff to consider might be deliberate indifference to his serious medical needs.[2] *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To state a cognizable deliberate indifference claim, plaintiff must allege facts showing (1) that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and (2) that the officials in question had a "sufficiently culpable state of mind" in denying the proper medical care. *Clement*, 298 F.3d at 904 (quoting *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)). To satisfy the second requirement (deliberate indifference), plaintiff must show that the defendant knew of and disregarded an excessive risk to plaintiff's health and safety. *See id.* (providing that the prison official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference") (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Second, the allegations indicate that plaintiff was a prisoner at the time of the treatment, but the complaint does not allege that defendants acted under color of state law. Plaintiff has named four medical doctors as defendants and alleges that they were employed by Mercy Hospital in Bakersfield, California. The court cannot ascertain from these allegations whether the defendants acted under color of state law as required by § 1983. *See McDade v. West*, 223 F.3d 1135, 1140 (9th Cir. 2000) (providing that, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law); *Turner v. California*, No. 10, 2016 WL 524449, at *2 (S.D. Cal. Feb. 9, 2016) (dismissing § 1983 claim against a private health center where there was no allegation that the defendant was acting under color of state law or that the plaintiff was deprived of rights secured by the constitution or federal statutes in having been prescribed an improper medication).

---

[2] The court is not expressing a view as to whether such a claim could be substantiated; we reference it here to ensure that plaintiff is aware of this type of claim.

5

Accordingly, the court will dismiss the complaint with leave to amend.

**IV.     FILING AN AMENDED COMPLAINT**

The court concludes that plaintiff's complaint fails to state any cognizable claims under § 1983.  Under Rule 15 of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Accordingly, the court will allow plaintiff to amend his complaint to cure the deficiencies identified above.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint within thirty days of the date of service of this order.

If plaintiff chooses to amend, his amended complaint should allege violations of federal law and explain how, in plaintiff's view, each named defendant violated his federal rights.  *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff should also allege how each defendant personally participated in the deprivation of his rights.  *Jones*, 297 F.3d at 934 (emphasis added).[3]

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be signed; should be titled "First Amended Complaint" in clear, bold type; and should refer to the appropriate case number.

Alternatively, plaintiff may choose to stand on this complaint, in which case the court will recommend to a district court judge that the case be dismissed for failure to state a claim.

---

[3] In granting plaintiff leave to amend, the court has not granted plaintiff leave to alter the fundamental nature of his suit or to add unrelated claims.

## V. CONCLUSION

Accordingly, the court orders as follows:

1. Within thirty (30) days from the date of service of this order, plaintiff is directed to show cause why this action should not be dismissed for failure to comply with the applicable statute of limitations.
    a. Plaintiff must file a written response to this order; and
    b. The response should be filed separately from any amended complaint.
2. Within thirty (30) days from the date of service of this order, plaintiff must either:
    a. File a "First Amended Complaint" as discussed in this order; or
    b. Notify the court in writing that he does not wish to file an amended complaint.
3. Should plaintiff choose to amend his complaint, plaintiff must caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00018-JDP.
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: May 31, 2018         /s/ *Jeremy D. Peterson*
                            UNITED STATES MAGISTRATE JUDGE