UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CARL KELLY,

               Plaintiff,

     v.

SYED ISLAM, *et al*.,
               Defendants.

Case No. 1:18-cv-00018-DAD-JDP

FINDINGS AND RECOMMENDATIONS THAT THE COURT DISMISS THE CASE FOR PLAINTIFF'S FAILURES TO PROSECUTE, TO STATE A CLAIM, AND TO COMPLY WITH COURT ORDERS

FOURTEEN-DAY DEADLINE

James Carl Kelly ("plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On June 1, 2018, the court issued a screening order finding that plaintiff filed his complaint after the expiration of the applicable statute of limitations and that his complaint did not state a cognizable federal claim. (Doc. No. 12.) The court directed plaintiff to show cause why this case should not be dismissed as untimely and granted plaintiff leave to file an amended complaint within 30 days. (*Id.*) Plaintiff did not respond.

On July 23, 2018, the court directed plaintiff to show cause why this case should not be dismissed for failure to state a claim, failure to comply with a court order, failure to prosecute, and as untimely. (Doc. No. 13.) Plaintiff again failed to respond.

The court may dismiss a case brought by a prisoner seeking relief against a governmental

entity or officer or employee of a governmental entity for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A(a). Here, the undersigned found that plaintiff failed to state a claim, (Doc. No. 12), so the case may be dismissed on this basis.

The court may also dismiss a case for plaintiff's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In considering whether to dismiss the case for failure to prosecute, a court ordinarily considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). These heuristic factors merely guide the court's inquiry; they are not conditions precedent for dismissal. *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently prejudicial to warrant dismissal. *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643, and it is plaintiff's failure to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use,

considering plaintiff's incarceration and *in forma pauperis* status, and—given the stage of these proceedings—the preclusion of evidence or witnesses is not available. While dismissal is a harsh sanction, the court has already found that plaintiff's complaint failed to state a claim.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, including the court's need to manage its docket, the undersigned finds that dismissal is appropriate. The undersigned recommends dismissal without prejudice.

### Findings and Recommendations

Accordingly, the undersigned recommends that the court dismiss the case without prejudice for plaintiff's failures to state a claim, to prosecute, and to comply with court orders.

The undersigned submits these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). The parties' failure to file objections within the specified time may waive their rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    September 19, 2018

UNITED STATES MAGISTRATE JUDGE

3